# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6031 | **DATE** | August 6, 2012 |
| **CASE TITLE** | Andrew Waldrop (K-60624) vs. Wexford Health Sources, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $3.92 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Court authorizes and directs the trust fund officer at Plaintiff's place of confinement to deduct the initial filing fee and to continue making deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The Clerk shall also issue summonses for service of the complaint on the Defendants. Plaintiff's motion for appointment of counsel/law library privileges [4] is granted in part; the Court appoints Manuel Sanchez of Sanchez & Daniels, 333 West Wacker Drive, Suite 500, Chicago, Illinois 60606, 312-641-1555, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.29 and 83.37. A status hearing is scheduled for 09/05/12 at 9:15 a.m.

■[For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff, Andrew Waldrop, a prisoner at Stateville Correctional Center, brings this *pro se* civil rights under 42 U.S.C. § 1983. Plaintiff alleges that he is receiving inadequate medical care at Stateville Correctional Center for his Type I diabetes.

Plaintiff's *in forma pauperis* application shows that he cannot prepay the $350 filing fee. The Court grants his motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $3.92. The Court authorizes the supervisor of inmate trust accounts at Plaintiff's place of confinement to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement, currently Stateville Correctional Center, is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and Stateville trust account officers shall notify transferee authorities of any outstanding balance owed pursuant to this order in the event that plaintiff is transferred to another facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint. Plaintiff alleges that he has been a Type I diabetic since 1977. Plaintiff alleges that he requires daily insulin injections for proper treatment of his diabetes and that he has experienced medical complications, including seizures and states of unconsciousness, due to low blood sugar caused by the inadequate medical care he is receiving at Stateville. Plaintiff alleges that the inadequate medical care he receives is due, in part, to Wexford Health Sources policy of providing inmates limited treatment for serious medical needs.

| STATEMENT |
|---|

Specifically, Plaintiff alleges that Dr. Dubrick has refused to provide Plaintiff with comprehensive examinations at the diabetes clinic at Stateville; Nurse Miller has refused to provide Plaintiff his insulin when he refused to check his blood glucose level (even though she is required to do so); medical staff and prisoner administrators have failed to take corrective action even though they are aware of Plaintiff's medical condition and aware of the problems he has had receiving proper medical care; and his medications have been stopped and/or changed by medical staff without first examining Plaintiff and without any explanation to Plaintiff.

Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). The fact that a prisoner received *some* medical treatment does not necessarily defeat a claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action," as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999). Furthermore, a supervisory official may learn of a constitutional violation by way of a grievance, and may become personally involved by ignoring such grievances. *See Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010); *see also Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009).

Plaintiff's above allegations sufficiently allege a claim for deliberate indifference to Plaintiff's medical care by the named Defendants. Thus, the Defendants must respond to these claims. However, Plaintiff also appears to be attempting to raise a claim based on allegations that a correctional officer refused to turn away when Plaintiff gave himself his insulin injection. (See Complaint at 11, Claim 3.) Plaintiff does not name any correctional officers as Defendants in this action and these allegations do not amount to deliberate indifference to his medical needs. Accordingly, this claim is dismissed.

The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former Stateville/Wexford employee who can no longer be found at the work address provided by Plaintiff, Stateville/Wexford shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Furthermore, in light of the seriousness of the allegations, and the complexity of these type so deliberate indifference claims, Plaintiff's motion for appointment of counsel is granted. The Court hereby appoints Manuel Sanchez of Sanchez & Daniels, 333 West Wacker Drive, Suite 500, Chicago, Illinois 60606, 312-641-1555, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.29 and 83.37.